BYRON E. WICKHAM, Plaintiff, *v.* TOWN OF NEWFANE et al., Defendants.

Supreme Court, Trial Term, Niagara County, December 30, 1947.

*Findlay, Argy & Hackett* for plaintiff.

*Fogle, Andrews & Pusateri* for defendants.

ROWE, J. On October 6, 1946, in the nighttime the plaintiff was operating his automobile upon a dirt road in the defendant town. This road, at its terminus which plaintiff was approaching, opened into and made a junction with a county road at about right angles, but did not cross the county road, making a junction shaped like the letter T. It was possible for plaintiff at the junction to have proceeded to the right or to the left upon the county road, but because the town road did not cross the county road, it was not possible for plaintiff to drive on straight ahead.

As the plaintiff came to the end of the road upon which he was proceeding, he drove on straight ahead in the mistaken belief that said road continued on and as a result his automobile left the road and he was injured. He claimed that the defendants were negligent in failing to give him sufficient warning that the road upon which he was proceeding was about to end and that he could not continue on in a straight course.

The above-entitled action was commenced by the plaintiff to recover damages for the injuries sustained by him and was duly brought to trial and tried before the court and a jury.

The court held that section 125-a of the General Municipal Law did not apply to this case and refused to submit that section to the jury. The section referred to requires the posting of a sign at least 100 feet from the termination of any road which " terminates in a dead end ".

The jury returned a verdict in favor of the defendants of no cause of action. The plaintiff now moves to set aside the verdict and for a new trial on the ground that the court erred in refusing to charge the jury that section 125-a of the General Municipal Law had any application to the case and could be considered by them in arriving at their verdict.

The plaintiff's contention that the road upon which he was proceeding terminated " in a dead end " as used in the statute is contrary to the holding in *O'Shaunecy* v. *County of Niagara* (255 App. Div. 827). It is also contrary to the ordinary and accepted meaning of the words used in the statute. " Dead end " is defined in Webster's New International Dictionary [2d ed.] as " an end, as of a passage, having no opening; cul-de-sac; blind alley." Cul-de-sac is defined in the same work as " A passage or place with only one outlet, as a blind alley * * *."

Here the road in question was not without an opening. It was possible to proceed out of it into the county road either to the right or to the left. Such a road is not a road which " terminates in a dead end." Section 125-a of the General Municipal Law did not apply to the case.

The plaintiff's motion to set aside the verdict and for a new trial is denied.